PICKETT, J.,
concurring in part and dissenting in part.
|,I concur in the opinion of the majority insofar as it affirms the judgment of the trial court terminating the parental rights of the mother to the two older children, G.E.K. and C.E.S. (docket number 14-681). I respectfully dissent from that portion of the opinion terminating the parental rights of the mother to the infant I.B.W. (docket number 14-682).
In my opinion, the state simply piggybacked the case of the third child onto the open case involving the older children. There was never an independent case plan addressing I.B.W.’s needs, his name was simply added to the existing case plan of his siblings. I believe the nature of these cases is so serious that such shortcuts should not be taken before terminating parental rights. I would affirm the judgment of the trial court in 14-681 and reverse the judgment of the trial court in 14-682.
I have reviewed this court’s opinion in State in the Interest of R.E., 12-196 (La.App. 8 Cir. 6/6/12), 91 So.3d 1282. In that case, the judge entered a separate order allowing the state to proceed with the termination proceeding even though one year had not elapsed since the child had been in the state’s custody. I have also reviewed State in the Interest of CM., 11-54 (La.App. 3 Cir. 6/1/11), 68 So.3d 47, with which I simply disagree.
|2The mother in this case has shown herself to be incapable of staying off drugs *725 long enough to care for her children. But she is entitled to the full protection of the law before her parental rights are terminated by the state. I.B.W. has been in foster care and is not in any danger from his mother at this time. Our statutes provide for an expedited process when other children have been terminated, or the state could have simply waited a couple more months to allow the requisite time to lapse.